IN THE MATTER OF THE PETITION OF PHILIP J. JETTER TO VACATE AN ASSESSMENT.

*Petition to vacate assessment in New York — not a special proceeding — costs — under chapter 338 of 1858 — a motion not a special proceeding within chapter 270 of 1854.*

A petition brought under chapter 338 of 1858 to vacate an assessment in the city of New York, is not a special proceeding within the meaning of chapter 270 of 1854, relating to costs, but is merely a motion, and no costs can be allowed; except costs of a motion and disbursements properly made.

The allowance of costs in proceedings of this character is contrary to the established and now universal practice in this district.

APPEAL from an order denying a motion to vacate a judgment for costs, and to re-tax costs, in an application to vacate an assessment in the city of New York under chapter 338, of 1858.

*J. A. Beal*, for the corporation of New York, appellant.

*E. O. Andrews*, for the petitioner, respondent.

BRADY, J.:

The petitioner applied at Special Term to vacate an assessment for paving Spring street from Broadway to West street, alleging that the resolution and ordinance of the common council authorizing the improvement were not published prior to their adoption, as required by chapter 446, of 1857, and that a previous assessment for paving the same street had been laid upon the petitioner's property, which was duly paid.

A reference was ordered to take proof of the facts, and on the coming in of the referee's report an order was granted vacating the assessment mentioned, with costs and disbursements. The amount of the assessment vacated was $63.45. The petitioner proceeded to tax the costs and disbursements which consisted of the following items, amongst others: costs of trial of issue of fact, $30; proceedings before notice of trial, $15; costs for proceeding after notice and before trial, $15; referee's fees, $25; all of which were allowed, notwithstanding the objections of the counsel, to the corporation.

It is claimed that the application of the petitioner is a special proceeding under the provisions of chapter 270 of Laws of 1854, the third section of which declares that in special proceedings, and on appeals therefrom, costs may be allowed in the discretion of the court, and when allowed, shall be at the rates allowed for similar services in civil actions. We are decidedly of the opinion that this is not a special proceeding within the purview of that statute. It involves no issue of fact, to be tried in any other form or mode than upon a motion; and under provisions of the Code, a judge sitting at Special Term to whom the motion is presented, may make a reference for the purpose of taking proof or for the purpose of having the persons whose affidavits have been presented to him for consideration, examined orally in regard to the statements there made.

The proceeding to vacate an assessment amounts to a motion, and is nothing more, and therefore the only costs that can be allowed properly would be the costs of the motion and the disbursements properly made. It is very clear, therefore, that the charge of $30 for trial of issue of fact, for proceedings before notice of trial, and after notice and before trial, were not properly

allowed and should have been stricken out on the objection of the corporation counsel.

A discretion having been exercised which embraces the other items taxed, it is not our province to interfere with the allowance secured in that mode. We regard the allowance of costs in proceedings of this character as contrary to the established and now universal practice of the judges of this district; and while we feel compelled under the circumstances of this case to allow the amount of the costs and disbursements already mentioned, we desire it to be understood by the profession that this is not to be regarded as a precedent in reference to costs to any amount whatever.

The costs thus stricken out could not be granted upon the proposition that this is a judgment, or bears any resemblance to a judgment in an action, for the reason that no presentation of any claim was made to the chief fiscal officer of the corporation. The statute of 1859 (chap. 262, § 2), declares in express terms that no costs, fees, disbursements or allowances shall be recovered or inserted in any judgment against municipal corporations, unless the claim upon which the same is founded was presented to the chief fiscal officer of the corporation before the commencement of the action. We feel constrained, therefore, with the modification suggested, to affirm the order without costs to either party.

Davis and Ingalls, JJ., concurred.

Order affirmed without costs to either party.